UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

HOWARD AVENUE STATION, LLC,

    Debtor.
_____/

HOWARD AVENUE STATION, LLC,
PNC INVESTMENTS, LLC, and
VMOB, LLC,

    Proposed Appellants,

v.

FRANK KANE,

    Proposed Appellee,
_____/

Case No. 8:24-cv-02353-MSS

Bankruptcy Case No.: Case No. 8:12-bk-08821-CPM

Adversary Proceeding Case No.: 8:14-ap-01070-CPM

## ORDER

In the context of a Chapter 11 bankruptcy proceeding, PNC INVESTMENTS, LLC, THE BLOCK IN SOHO, LLC, and VMOB, LLC, (collectively "Proposed Appellants"), through their Motion for Leave to File Appeal (Dkt. 7), seek leave to file an interlocutory appeal of the Bankruptcy Court's order denying their Motion of PNC Investments, LLC, The Block In Soho, LLC, and VMOB, LLC for Leave to Amend by Filing Counterclaim and Third Party Complaint (the "Motion for Leave to Amend"). (Dkt. 2-6) Frank Kane ("Kane") filed a Response in Opposition. (Dkt. 8) Proposed Appellants filed a Reply. (Dkt 9) For reasons that follow, the Motion for Leave to File Appeal is denied.

I.  **Background**

The underlying Chapter 11 bankruptcy proceeding has been ongoing for several years. A recitation of its history is not necessary here. Suffice it to say that in 2016 Proposed Appellants moved for leave to amend to file counterclaims against Kane and third party claims against nonparties, (Dkt. 2-6), and the Bankruptcy Court denied their motion through its Order Denying Motion of PNC Investments, LLC, the Block in Soho, LLC, and VMOB, LLC for Leave to Amend by Filing Counterclaim and Third Party Complaint (the "Order"). (Dkt. 7 at Exhibit A) Dissatisfied with this result, Proposed Appellants filed the instant Motion for Leave to File Appeal. (Dkt. 7)

II. **Discussion**

   A.  **Standards set forth in 28 U.S.C. § 1292(b)**

District courts have jurisdiction to hear appeals from interlocutory orders and decrees of bankruptcy judges with leave of court under 28 U.S.C. § 158(a)(3). The statute does not provide criteria for evaluating when a court should exercise its discretionary jurisdiction. As a result, district courts look to the standards set forth in 28 U.S.C. § 1292(b). See Southstar Cap. Grp., I, LLC v. 1662 Multifamily LLC, No. 618CV1453ORL40DCI, 2019 WL 3752892, at *2 (M.D. Fla. Aug. 8, 2019) (citing In re Charter Co., 778 F.2d 617, 620 (11th Cir. 1985)); In re Celotex Corp., 187 B.R. 746, 749 (Bankr. M.D. Fla. 1995)); see also 5200 Enter. Ltd. v. NYCTL 1998-2/Mtag, No. 3:19-cv-1035-J-39, 2020 WL 13594940, at *2 (M.D. Fla. Aug. 25, 2020). "Under these standards, a court will permit an interlocutory appeal of an order if (1) the order

presents a controlling question of law (2) over which there is substantial ground for difference of opinion among courts, and (3) the immediate resolution of the issue would materially advance the ultimate termination of the litigation." In re Celotex Corp., 187 B.R. at 749. "Even where these factors are present, the appellate court 'has discretion to turn down' the appeal because permitting liberal use of interlocutory appeals 'is bad policy.'" Acute, Inc. v. ECI Pharms., LLC, No. 24-CV-61915-RAR, 2025 WL 1731825, at *7 (S.D. Fla. June 18, 2025) (quoting McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1259 (11th Cir. 2004)).

Proposed Appellants do not contest Kane's contention that these elements are not present (Dkt. 9 at ¶¶ 5-6) and instead couch their entitlement to relief solely on the collateral order doctrine. (Dkts. 9 at ¶¶ 9-13, 7 at ¶ 4) Accordingly, the Court will not delve into each of these elements at length. That said, the first and second elements at a minimum are not present.

"An issue is characterized as a controlling question of law if it deals with a question of 'pure' law, or matters that can be decided quickly and cleanly without having to study the record." Figueroa v. Wells Fargo Bank N.A., 382 B.R. 814, 824 (S.D. Fla. 2007) (citing McFarlin v. Conseco Servs., LLC, 381 F.3d 1251, 1258, 1260–62 (11th Cir. 2004)). "The 'antithesis of a proper [Section] 1292(b) appeal is one that turns on whether there is a genuine issue of fact or whether the district court properly applied settled law to the facts or evidence.'" In re Pac. Forest Prod. Corp., 335 B.R. 910, 920 (S.D. Fla. 2005) (citation omitted).

3

Proposed Appellants seek leave to appeal on the basis that the Bankruptcy Court should have granted leave to amend because Proposed Appellants' claims "should all be resolved in one forum." (Dkt. 7 at ¶ 1). Proposed Appellants do not identify a basis for the Court to conclude that the Bankruptcy Court abused its discretion when it denied their Motion for Leave to Amend. And the Court has not identified a "controlling question of law . . . deal[ing] with a question of 'pure' law, or matters that can be decided quickly and cleanly without having to study the record[]" which could supply a basis for an appeal. Figueroa, 382 B.R. at 824. Accordingly, the first element is not present and, as a result, the second element also is not present. Moreover, the Court is not convinced that the requested grant of an interlocutory appeal is not an exercise of "bad policy." Cf. Acute, Inc., No. 24-CV-61915-RAR, 2025 WL 1731825, at *7. The Court will not grant leave to appeal pursuant to the standards set forth in 28 U.S.C. § 1292(b).

  **B. <u>Collateral Order Doctrine</u>**

District courts may also hear appeals from interlocutory orders and decrees of bankruptcy judges with leave of court under the collateral order doctrine. "The collateral order doctrine is a 'narrow exception' confined to 'trial court orders affecting rights that will be irretrievably lost in the absence of an immediate appeal.'" In re Celotex Corp., 187 B.R. at 748 (quoting Richardson–Merrell, Inc. v. Koller, 472 U.S. 424, 431, 105 S.Ct. 2757, 2761, 86 L.Ed.2d 340 (1985)). To fall within this exception, "an order must (1) conclusively determine the disputed question, (2) resolve an

important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." Id. at 749 (quoting Richardson–Merrell, Inc. v. Koller, 472 U.S. at 431, 105 S.Ct. at 2761). The movant "must make a showing on all three elements to prevail." Id. (citing Magic Circle Energy 1981–A Drilling Program v. Lindsey (In re Magic Circle Energy Corp.), 889 F.2d 950, 954 (10th Cir. 1989)).

Review under the collateral order doctrine is not appropriate because Proposed Appellants fail to establish the second and third elements.

    i.    **Important Issue Completely Separate from the Merits of the Action**

The Eleventh Circuit has observed in connection with the second element of the collateral order doctrine that:

> [a] party asserting that an issue is important for purposes of the collateral order doctrine faces a high bar. To ensure that the "class of immediately appealable prejudgment decisions" remains "small," *Digit. Equip. Corp.* [*v. Desktop Direct, Inc.*], 511 U.S. [863,] at 878, 114 S.Ct. 1992[, 128 L.Ed.2d 842 (1992)] (internal quotation marks omitted), the Supreme Court has held that an issue is not sufficiently important unless "delaying review until the entry of final judgment would imperil a substantial public interest or some particular value of a high order," *Mohawk* [*Indus., Inc. v. Carpenter*], 558 U.S. [100,] at 107, 130 S.Ct. 599[, 175 L.Ed.2d 458 (2009)] (internal quotation marks omitted). Values considered to be of a sufficiently high order have included "honoring the separation of powers, preserving the efficiency of government and the initiative of its officials, respecting a State's dignitary interests, and mitigating the government's advantage over the individual." *Will v. Hallock*, 546 U.S. 345, 352–53, 126 S.Ct. 952, 163 L.Ed.2d 836 (2006).
>
> But even those weighty interests are not always enough to warrant an immediate appeal.

Acheron Cap., Ltd. v. Mukamal as Tr. of Mut. Benefits Keep Pol'y Tr., 22 F.4th 979, 989-990 (11th Cir. 2022) (holding that a movant did not "clear this high bar" to show

5

a sufficiently important issue). The Eleventh Circuit has required a movant to "implicate an interest that is comparable to those that we have identified as sufficiently important to warrant an immediate appeal under the [collateral order] doctrine." Russo v. United States, No. 24-13250, 2025 WL 591361, at *1 (11th Cir. Feb. 24, 2025) (per curiam); see also SEC v. Complete Bus. Sols. Grp., Inc., No. 22-11694-G, 2022 WL 16921827, at *1 (11th Cir. Aug. 26, 2022).

Proposed Appellants identify the reduction of their litigation costs as an interest implicated in their appeal. (Dkt. 7 at ¶ 4) This does not implicate public interests, and this consideration is not like those previously identified as sufficiently weighty to justify application of the collateral order doctrine. Cf. Acheron, 22 F.4th at 989-990; *SEC*, No. 22-11694-G, 2022 WL 16921827, at *1; Russo, 2025 WL 591361, at *1. The Court finds that Proposed Appellants do not to meet their burden to identify an important issue completely separate from the merits of the action sufficient for this Court to apply the collateral order doctrine.

  **ii.**  **Effectively Unreviewable on Appeal from a Final Judgment**

Pursuant to the third element of the collateral order doctrine, "[t]he quintessential 'unreviewable' order is an order that deprives a litigant of their right 'not to be tried' based on immunity." Southstar, 2019 WL 3752892, at *2 (M.D. Fla. Aug. 8, 2019) (quoting Lauro Lines s.r.l. v. Chasser, 490 U.S. 495, 499–500 (1989)). "Conversely, orders that deprive litigants of their 'right to have the binding adjudication of claims occur in a certain forum' do not satisfy the 'effectively

6

unreviewable' requirement." Id. (quoting Lauro Lines s.r.l., 490 U.S. at 501).

The Bankruptcy Court's Order notes that it was entered without prejudice to Proposed Appellants pursuing their claims in state court. (Dkt. 7 at Exhibit A at ¶ 5). The Order is not "effectively unreviewable."

### III. Conclusion

In short, Proposed Appellants have not shown that interlocutory review of the bankruptcy court's Order is appropriate. Not all elements of the Section 1292(b) standard or of the collateral order doctrine have been met. Finding insufficient cause to upset the general rule of non-appeal of interlocutory orders, the Court declines to grant leave to appeal the Bankruptcy Court's Order.

Accordingly, it is now

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) Proposed Appellants' Motion for Leave to File Appeal (Dkt. 7) is **DENIED**.

(2) The Clerk is directed to transmit a copy of this Order to the Clerk of the Bankruptcy Court and, thereafter, close this case.

**DONE and ORDERED** in Chambers in Tampa, Florida, this 23rd day of September 2025.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person

7